1  FENNEMORE CRAIG, P.C.
   John H. Mowbray (No. 1140)
2  Deanna R. Rader (No. 9279)
   Suite 1400 Bank of America Plaza
3  300 South Fourth Street
   Las Vegas, NV  89101
4  Telephone:  (702) 692-8000
   Email:  jmowbray@fclaw.com
5  Email:  drader@fclaw.com

6  Attorneys for Third-Party Defendants
   Gerry Nailon
7  Kathleen M. Innaurato

8

9               UNITED STATES DISTRICT COURT

10                  DISTRICT OF NEVADA

11 | ELK VALLEY RANCHERIA, CALIFORNIA, | No.
12 |                                    | District Court, Clark County Nevada
   |             Plaintiff,             | Case No. A574594
13 |                                    | Dept. No.:  I
14 |             v.                     | **NOTICE OF REMOVAL**
15 | ELLIS PARTNERS, INC., a Delaware corporation; ELLIS PARTNERS, LLC, a Nevada limited liability company; ELLIS
16 | GAMING & ENTERTAINMENT, LLC, a Nevada limited liability company; and
17 | R. SHAWN ELLIS, an individual,
18 |             Defendants.

19 ─────────────────────────────

20 ELLIS GAMING & ENTERTAINMENT, LLC, a Nevada limited liability company,
21
               Third-Party Plaintiff,
22
               v.
23
   GERRY NAILON, an individual, and
24 KATHLEEN M. INNAURATO, an individual and DOES I THROUGH XX,
25
               Third-Party Defendants.
26

Pursuant to 28 U.S.C. §§ 1446, Third-Party Defendants Gerry Nailon and Kathleen M. Innaurato ("Third-Party Defendants"), hereby remove to this Court the state court action described below:

1. On October 28, 2008, an action was commenced in the District Court for Clark County, Nevada captioned <u>Elk Valley Rancheria, California v. Ellis Partners, Inc., et al.</u>, Case Number A574594 ("the Action"). A true and correct copy of the Complaint ("Complaint") is attached hereto as Exhibit 1.

2. On December 22, 2008, Defendant/Counterclaimaint/Third-Party Plaintiff Ellis Gaming & Entertainment, LLC ("EGE") with Defendants Ellis Partners, Inc., Ellis Partners, LLC, and R. Shawn Ellis filed an Amended Answer that included a Third-Party Complaint in which EGE brought various tort claims against Third-Party Defendants ("Third-Party Action"). A true and correct copy of the Amended Answer, Counterclaim, and Third-Party Complaint is attached hereto as Exhibit 2.

3. On February 19, 2009, EGE served Gerry Nailon with the following documents, true and correct copies of which are attached hereto as Exhibits:

- Amended Answer, Counterclaim, and Third-Party Complaint (Exhibit 2); and
- Summons (Exhibit 3).

4. As of this date, Kathleen M. Innaurato has not been served with the Third-Party Complaint and Summons, but through undersigned counsel has notified EGE's counsel she has agreed to waive service of process and accept service of the Third-Party Complaint and Summons.

5. No other process, pleadings, motion papers or orders have been filed with respect to the Third-Party Action; other process, pleadings, motion papers and orders have been filed with respect to the main action, but were not served on Third-Party Defendants.

1  A printout of the activity and filings in state court in this Action is attached hereto as
2  Exhibit 4.

3       6.     True and correct copies of the following process, pleadings, motion papers
4  and orders possessed by Third-Party Defendants that have been filed and served in the
5  Action and that are not already attached as Exhibits 1 through 4 are attached hereto as
6  Exhibits:

7  - Plaintiff's Motion to Dismiss Counterclaim (Exhibit 5)
8  - Defendants' Opposition to Motion to Dismiss Counterclaim (Exhibit 6)
9  - Plaintiff's Reply to Defendants' Opposition to Motion to Dismiss (Exhibit
10    7)
11 - Notice of Entry of Order regarding February 12, 2009 Hearing and Order
12   (Exhibit 8)
13 - Notice of Entry of Order Admitting to Practice and Order (Exhibit 9)

14       7.     Pursuant to 28 U.S.C. § 1446(b), Kathleen M. Innaurato timely filed this
15  Notice of Removal within 30 days of the date on which she indicated her agreement to
16  accept service of the initial pleading in the Action.

17       8.     Pursuant to 28 U.S.C. § 1446(d), on April 3, 2009, a copy of this Notice of
18  Removal will be filed with the Clerk of District Court for Clark County, Nevada. See
19  Exhibit 10 (draft state court Notice of Removal).

20  **GROUNDS FOR REMOVAL**

21       9.     Removal is proper under 28 U.S.C. § 1441, which authorizes removal of any
22  action over which the federal courts have original jurisdiction, provided that, in cases
23  where original jurisdiction is predicated on diversity, no defendant is a citizen of the state
24  in which the action was commenced. Original jurisdiction exists here under 28 U.S.C.
25  § 1332(a)(1), which confers original diversity jurisdiction over claims in excess of
26  $75,000 between citizens of different States.

10. The Third-Party Complaint names EGE as the sole third-party plaintiff and alleges that it is a Nevada limited liability company. See Exhibit 2 at ¶ 1. A limited liability company is a citizen of every state of which its members are citizens. Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006); Belleview Catering Co. v. Champaign Market Place, L.L.C., 350 F.3d 691, 692 (7th Cir. 2003).

11. According to the records of the Nevada Secretary of State, Third-Party Plaintiff EGE has only one member, R. Shawn Ellis, who resides at 9120 W. Post Road, Suite 777, Las Vegas, Nevada 89148. See Exhibit 11 (copy of Nevada Secretary of State's webpage for EGE). Based upon this information, Third-Party Defendants believe and allege that Third-Party Plaintiff EGE and its sole member are citizens of Nevada.

12. The Third-Party Complaint erroneously alleges, "Nailon and Innaurato reside in various locations in and outside the States of Nevada and California . . . ." Exhibit 2 at 12, ¶ 4.

13. Parties and their counsel have an obligation to secure jurisdictional details from original sources concerning the true citizenship of the parties before making formal allegations. See, e.g., Belleview Catering, 350 F.3d at 693-94 (chastising counsel for relying on recital in lease that a party was "a Missouri corporation" when a review of the public records would have revealed that the party was incorporated in Illinois).

14. In fact, Third-Party Defendants are citizens of the State of Connecticut and Gerry Nailon resides in the State of California when performing his duties for Elk Valley Rancheria, California.[1]

15. The Third-Party Complaint names fictitious "Does I through XX" as defendants. See Exhibit 2 at 17. The citizenship of defendants sued under fictitious

---

[1] Because EGE formerly employed Kathleen M. Innaurato and required her to reside in the State of California as a condition of her employment, and because Ms. Innaurato had informed EGE that she was returning to her home in Connecticut in July of 2008, EGE knew or should have known at the time the Third-Party Complaint was filed that the Third-Party Defendants were not residents of the State of Nevada.

"Doe" names is disregarded for purposes of determining removal jurisdiction. Soliman v. Philip Morris Inc., 311 F.3d 966, 971 (9th Cir. 2002), cert. denied, 540 U.S. 814 (2003).

16. Complete diversity of citizenship exists between the Third-Party Plaintiff and Third-Party Defendants in the Action.

17. Upon information and belief, the amount in controversy exceeds $75,000 exclusive of interest and costs. The Third-Party Action is a dispute arising out Third-Party Defendants' alleged defamation and intentional interference with contractual relations and prospective economic advantage between EGE, Plaintiff Elk Valley Rancheria, and other entities. See Exhibit 2 at 19.

18. EGE is seeking consequential, compensatory, special, and punitive damages, each in excess of $10,000. See Exhibit 2 at 19. For purposes of calculating the amount in controversy, courts may consider a plaintiff's potential compensatory and punitive damages. See Chabner v. United of Omaha Life Ins. Co., 225 F.3d 1042, 1046 n. 3 (9th Cir. 2000).

19. While Third-Party Defendants deny the alleged conduct and deny that EGE is entitled to any relief, the Third-Party Complaint's allegations establish that the amount in controversy exceeds the $75,000 minimum required for federal diversity jurisdiction. When Third-Party Plaintiff's requests for the alleged consequential, compensatory, special, and punitive damages are accounted for, the amount in controversy certainly exceeds $75,000, exclusive of interest and costs, for purposes of 28 U.S.C. § 1332.

20. Because the removal notice is timely, the amount in controversy exceeds $75,000, and complete diversity exists between Third-Party Plaintiff and Third-Party Defendants, removal is proper under 28 U.S.C. §§ 1441 and 1446.

WHEREFORE, Third-Party Defendants request that this Action be removed from the District Court for Clark County, Nevada to the United States District Court for the

District of Nevada, and that further proceedings in the District Court for Clark County, Nevada be stayed.

DATED this 3rd day of April, 2009.

          FENNEMORE CRAIG, P.C.


By  /s/ Deanna R. Rader
   John H. Mowbray
   Deanna R. Rader
   Attorneys for Third-Party Defendants
   Gerry Nailon
   Kathleen M. Innaurato

**CERTIFICATE OF SERVICE**

☒ I hereby certify that on April 3, 2009, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Scott R. Cook
Joseph P. Hardy
Gordon & Rees LLP
7465 W. Lake Mead Blvd., Suite 200
Las Vegas, NV 89128
Attorneys for Plaintiff

Timothy R. O'Reilly
John F. O'Reilly
Claudia K. Cormier
O'Reilly Law Group, LLC
325 S. Maryland Parkway
Las Vegas, NV 89101
Attorneys for Defendants, Counterclaimant, and Third-Party Plaintiff

☐ I hereby certify that on April 3, 2009, I served the attached document by U.S. mail on the following, who are not registered participants of the CM/ECF System:


___/s/ Lisa Young___